# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SCHREIBER FOODS, INC.,**

    Plaintiff,

v.                                        Case No. 02-C-293

**BORDEN INC., n/k/a BORDEN CHEMICAL, INC.,
BORDEN FOODS, INC., and
DAIRY FARMERS OF AMERICA, INC.,**

    Defendants.

## ORDER DENYING THE DEFENDANTS' MOTION TO STAY PROCEEDINGS

### INTRODUCTION

Schreiber Foods, Inc. ("Schreiber") filed suit against the defendants, alleging that the defendants intentionally infringed on a number of Schreiber's patents. The patents at issue are patent No. 5,440, 860 ('860 patent), patent No. 5,701,724 ('724 patent) and patent No. 6,058,680 ('680 patent). The defendants deny infringement and on July 25, 2005, filed a motion to stay all proceedings, including the jury trial which is scheduled to commence on September 19, 2005. As grounds for its motion to stay, the defendants cite the September 9, 2004, rejection of Schreiber's '860 and '724 patents by the Patent and Trademark Office ("PTO"). (Def. Br. Ex. B.). Schreiber filed its response to the rejections, and the defendants urge that all proceedings in this case should be stayed until a final Office Action on the validity of the two patents is reached. A stay will, according to the defendants, avoid the risk of a complicated trial on issues that might later be moot if the two patents are deemed invalid.

In light of the trial date, this court ordered that the parties address the defendants' motion to stay on an expedited basis. Schreiber filed a response brief opposing the defendants' motion on numerous grounds: that the defendants' motion is untimely and is simply an attempt to delay the trial; that it is unlikely that the PTO will cancel or modify the '860 and '724 patents; that a stay presents a substantial risk of prejudice to Schreiber, and that the PTO's final action will not resolve this case, especially since the '680 patent is not included in the reexamination process. The defendants' motion to stay has now been fully briefed and is ready for resolution.

### ANALYSIS

Courts have inherent power to manage their dockets and stay proceedings, Landis v. North American Co., 299 U.S. 248, 254 (1936), including the authority to order a stay pending conclusion of a PTO reexamination. Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir.1983). In determining whether to stay the upcoming jury trial, the parties agree that the court should address the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and wether a trial date has been set. (Def. Br. 11, Schreiber Resp. Br. 8 (citations omitted).). Ultimately, management of the court's docket via a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

With these standards in mind, the court turns to the defendants' motion. In the instant case, the court is presented with the situation where the parties' litigation efforts have already been substantial. Within the recent months alone, the court has issued a decision on the defendants' motion to exclude, conducted a Daubert hearing in conjunction with that motion, decided the defendants'

renewed motion for summary judgment, and granted Schreiber's motion to substitute an expert. Furthermore, discovery in this case involved multiple motions to compel and required the parties to conduct numerous expert depositions, which required significant preparation and analysis. Needless to say, both parties have thoroughly and skillfully represented their position on a variety of issues. Now, the case has reached the point where discovery is closed, all dispositive motions have been decided, and a jury trial in this case which was commenced in March, 2002, is imminently approaching.

This alone favors proceeding to trial as planned. In addition, the late stage of the proceedings also has consequences in terms of the potential efficiency that might be gained from a stay. Trial on Schreiber's claims will likely result in one of three scenarios: Schreiber will prevail on all three patents; the defendants will prevail on all; or the jury will find infringement as to some but not all of Schreiber's patents. If the jury determines that the defendants did not infringe upon any of Schreiber's patents, a stay will have been an unnecessary and meaningless delay. Similarly, if Schreiber prevails, and the PTO concludes that the '724 and the '860 patents are valid, the PTO's decision will be of little consequence for purposes of this litigation. A stay is only beneficial *if* the jury finds that the defendants infringed upon Schreiber's '860 and '724 patents, **and** the '860 and '724 patents are subsequently cancelled or modified by the PTO. In that case, there will likely be an issue as to what effect, if any, the PTO's action has on the jury's verdict. This scenario is obviously the least favorable of the three in terms of efficiency, but it may not require that the jury verdict be fully vitiated. Only a comparison of the final action of the PTO with the verdict of the jury will determine what portions of the trial cannot be saved. Thus, regardless of which of these three circumstances becomes a reality, the parties will be one step closer to final resolution of their dispute if the trial proceeds as planned.

3

On the other hand, if the court grants the defendants' motion to stay, the length of the stay is uncertain. While the defendants claim that the PTO's reexamination proceedings are conducted with "special dispatch" (Def. Br. 4 (citing 35 U.S.C. § 305), Schreiber contends that it would appeal any adverse determination to the Board of Patent Appeals and, if necessary, file an appeal to the Federal Circuit Court of Appeals (Schreiber Resp. Br. 17.). As the history of this case already illustrates, patent litigation is generally time-consuming and complex. Consequently, appellate proceedings are likely to require a substantial delay for this court, regardless of the priority status afforded to the challenged patents.

Moreover, even assuming that the '860 and '724 patents are invalid, this court will still need to conduct a jury trial as to the defendants' alleged infringement on the '680 patent. This independent need for trial further limits the benefits of a stay. At most, proceeding on all three patents will waste the extra time and expense needed to address the '860 and '724 patents, if they are subsequently cancelled or modified. Considering the parties' substantial litigation efforts and the length of time that this case has already been pending, the court finds that the potential wasted effort avoided by a stay does not outweigh the interest in moving this case towards final resolution by proceeding as planned.

Ultimately, there is no simple solution to the complexities presented by the PTO's re-examination proceedings. In the opinion of this court, the opposing interests raised by the parties and considered by the court weigh in favor of proceeding with the jury trial as scheduled.

**IT IS THEREFORE ORDERED** that the defendants' motion to stay proceedings in this case is **denied.**

Dated at Milwaukee, Wisconsin, this 10th day of August, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge